IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE OF GEORGIA, ex *rel.*
JOSHUA M. HARMAN,

    Plaintiff,

v.

TRINITY INDUSTRIES, INC. and
TRINITY HIGHWAY PRODUCTS,
LLC,

    Defendants.

CIVIL ACTION FILE

NO. 1:15-CV-1260-MHC

## ORDER

This *qui tam* action, brought under the Georgia Taxpayer Protection and False Claims Act, O.C.G.A. § 23-3-120 *et seq.* ("the TPFCA"), was filed under seal in this Court on April 21, 2015. [Docs. 1, 3.] Plaintiff/Relator Joshua M. Harman ("Plaintiff") served the Attorney General of Georgia with a copy of the Complaint and a disclosure of material evidence by certified mail on April 21, 2015, with a return receipt showing service on the state Department of Law on April 28, 2015. Notice of Service [Doc 6]. On March 10, 2016, the State of Georgia filed a notice declining to intervene in this action. [Doc. 8.] Simultaneously, Plaintiff filed a response to this Court's Show Cause Order

indicating his intention to exercise his statutory right to prosecute this action pursuant to O.C.G.A. § 23-3-122(b)(4)(B). [Doc. 9.] The Court found that Plaintiff had the right to proceed with the action and ordered that this case, including all documents previously filed, be unsealed and that Defendants be served with process [Doc. 10].

On April 15, 2016, the parties filed a Consent Motion to Stay Proceedings pending resolution of the appeal in <u>United States ex rel. Harmon v. Trinity Indus., Inc.</u>, No. 15-41172 (5th Cir.). Consent Mot. to Stay Proceedings [Doc. 14]. This Court administratively closed the case and directed the parties to file a motion to reopen the case or a dismissal within sixty (60) days of the resolution of the Fifth Circuit litigation [Doc. 15]. Plaintiff filed an unopposed motion to reopen the case on March 8, 2019 [Doc. 16], and the case was reopened on March 12, 2019, with the direction that Plaintiff file an amended complaint, if any, within thirty (30) days and that Defendants answer or otherwise respond to the operative complaint within sixty (60) days. Mar. 12, 2019, Order [Doc. 17].

No amended complaint was filed and, on May 13, 2019, Defendants filed a Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 23]. In their motion, Defendants contend, *inter alia*, that this Court lacks subject matter jurisdiction over this action because there is no federal

question and there is no diversity jurisdiction because (1) the state of Georgia is the real party in interest and (2) the state is not a citizen for purposes of diversity jurisdiction. Defs.' Br. in Supp. of Mot. To Dismiss [Doc. 23-1] at 3, 13-14.  In his response, "Plaintiff agrees that the state of Georgia is a real party in interest in this case, that Georgia is not a citizen of any State, and that Georgia's presence as a real party in interest in this case defeats diversity jurisdiction" and "agrees that this Court is without subject matter jurisdiction and must dismiss the case on those grounds." Pl.'s Non-Opp'n to Defs.' Mot. to Dismiss [Doc. 30] at 1.

Accordingly, it is hereby **ORDERED** that Defendants' Unopposed Motion to Dismiss based upon Rule 12(b)(1) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 24th day of July, 2019.

MARK H. COHEN
United States District Judge

3